IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ANTONIO L. WILLIAMS                                                                                 PETITIONER

v.                                        4:23-cv-00366-BSM-JJV

DEXTER PAYNE                                                                                        RESPONDENT
*Director, Arkansas Division of Corrections*

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

**I.    BACKGROUND**

Antonio L. Williams ("Petitioner"), an inmate at the Arkansas Division of Correction's East Arkansas Regional Unit, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On April 18, 2013, a Pulaski County jury found Mr. Williams guilty of capital murder. *State v. Williams*, 60CR-12-653, http://caseinfo.arcourts.gov. He was sentenced to life imprisonment without the possibility of parole and received a sentence enhancement of eighty-four (84) months' imprisonment for employing a firearm in the commission of the crime. *Id*. He appealed to the Supreme Court of Arkansas and his conviction was affirmed. *Williams v.*

*State*, 2014 Ark. 253, 9, 435 S.W.3d 483, 488 (Ark. 2014). Mr. Williams filed a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37, and both the Pulaski County Circuit Court and Supreme Court of Arkansas dismissed the petition. *Williams v. State*, 2017 Ark. 123, 1, 517 S.W.3d 397, 399 (Ark. 2017).

Mr. Williams previously filed a federal habeas petition with this Court based upon the same conviction, and the petition was dismissed. *See Williams v. Kelley*, 2019 WL 13240992 (E.D. Ark. June 18, 2019). Mr. Williams appealed the district court's decision, and the United States Court of Appeals for the Eighth Circuit denied a certificate of appealability and dismissed the appeal. *Williams v. Kelley*, No. 5:18-cv-00091 (Oct. 8, 2019).

Mr. Williams has now filed a second Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Mr. Williams raises two claims that center around a voicemail the state's key witness left for law enforcement – the contents of which an officer testified led to Mr. Williams being investigated for the murder. (*Id*.) Defendant first alleges the prosecutor failed to provide him with copy of that voice message in violation of the government's obligation under *Brady* and his right to Due Process. (*Id*. at 6.) Second, he argues actual-innocence, reasoning "if the voice message did not exist", then his "conviction [is] based upon false evidence" which "supports [his] claim of actual innocence." (*Id*. at 10.)

I have conducted a preliminary review of Mr. Williams' Petition pursuant to Rule 4 of the Rules governing Section 2254 Cases in the United States District Courts. Based on that review, I recommend the Petition be DISMISSED without prejudice.

II.   ANALYSIS

In accordance with 28 U.S.C. § 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before

filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007). A court of appeals may authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. 28 U.S.C. § 2244(b)(3)(C). Specifically, claims asserted in a second or successive habeas petition that were not alleged in a previously filed habeas petition shall be dismissed unless:

> (A) The applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.* at § 2244(b)(2).

The language of § 2254(b) is binding, and prior authorization to file a second or successive habeas petition is an absolute requisite to this Court's authority to consider a petition. 28 U.S.C. § 2244(b)(3); *see also Williams*, 658 F.3d at 853 ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing."). Section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition" until the court of appeals has granted the petitioner permission to file. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). There is nothing in the record to indicate Mr. Williams sought and received authorization from the United States Court of Appeals for the Eighth Circuit before filing this Petition. Therefore, this Court lacks jurisdiction over his claims.

If Mr. Williams wishes to pursue relief, he must first obtain permission from the Eighth Circuit to file a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) (the court of appeals must determine that successive petition meets § 2244(b)(2)'s new-rule or actual-innocence provisions *before* the district court may accept it for filing) (emphasis added). At present, this Court simply does not have jurisdiction over Mr. Williams' claims. His Petition should be dismissed without prejudice so he may refile should the Eighth Circuit grant him permission to proceed.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Williams' § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice and the requested relief be DENIED.

DATED this 8th day of May 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE